UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELENA MUNSON,

        Plaintiff,

v.

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
                                        /

Case No. 11-12475

District Judge John Corbett O'Meara

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

This is a Social Security case. On September 27, 2012, judgment was entered in favor of the Plaintiff, and the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g). Before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #30], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Application be DENIED as untimely.

### I.   FACTS

Judgment was entered in favor of the Plaintiff on September 27, 2012. Plaintiff filed her application for EAJA fees on January 6, 2012.

### II.   LEGAL PRINCIPLES

Under 28 U.S.C. § 2412(d)(1)(B), "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses..." Under EAJA, a "final judgment" is "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G).

-1-

In a case remanded under sentence four of 42 U.S.C. § 405(g), the judgment of remand is a "final judgment" under EAJA. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). Because the Defendant Commissioner of Social Security is a federal officer, the time for appeal ends 60 days after judgment. Fed.R.App.P. 4(a). Thus, a sentence four judgment of remand in a Social Security case becomes "a judgment that is final and not appealable" 60 days from the entry of the judgment of remand, and a petition for EAJA fees must be filed within 30 days after that.

### III. DISCUSSION

Judgment was entered on September 27, 2012. The 60-day period to appeal expired on November 26, 2012. Plaintiff's EAJA petition was therefore due 30 days later, on December 26, 2012. The Plaintiff filed her EAJA petition on January 6, 2013, 12 days late. She will therefore not be entitled to EAJA fees unless the Court applies equitable tolling. *Townsend v. Commissioner of Soc. Sec.*, 486 F.3d 127, 131 (6th Cir. 2007).

Courts generally considers five factors in determining whether to apply equitable tolling: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Id*. at 132 (internal quotations and citations omitted).

Plaintiff's counsel is an experienced and capable Social Security practitioner who has sought and obtained EAJA fees in other cases. She clearly had knowledge and notice of the filing requirements. I am sympathetic to the fact that this Court's opinion and judgment were entered over the Christmas holidays, but unfortunately, there is no "12 Days of Christmas" extension under the statute. Moreover, "[m]ost...lawyers know that meeting time deadlines is a part of what their practice is all about." *Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir.

1989).[1]

The only factor that would tend to weigh in Plaintiff's favor is the apparent lack of prejudice to the Defendant. However, "[p]rejudice may only be considered if other factors of the test are met and therefore can only weigh in [the Commissioner's] favor." *Dunlap v. United States,* 250 F.3d 1001, 1009 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001).

Unfortunately, this EAJA petition must be denied as untimely.

## IV.   CONCLUSION

I recommend that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act [Doc. #30] be DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[1] In the context of habeas corpus cases under 28 U.S.C. § 2254, the Supreme Court has held that where equitable tolling is based on attorney error, "some extraordinary circumstance" must have prevented counsel from timely filing the petition. *Holland v. Florida,* ⸺ U.S. ⸺, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). No such circumstances have been shown in this case.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

**s/ R. Steven Whalen**
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: April 29, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 29, 2013.

s/Johnetta M. Curry-Williams
Case Manager